CUNNINGHAM *v.* CUNNINGHAM.

5-466                                    272 S. W. 2d 52

Opinion delivered November 1, 1954.

*Green & Green* and *Oscar E. Ellis,* for appellant.

*Herrn Northcutt,* for appellee.

GRIFFIN SMITH, Chief Justice. Appellant's petition for specific performance of a contract evidencing Ernest Cunningham's agreement with his brother, Albert, to pay $2,250 for 410 acres, was dismissed and Ernest has appealed.

The writing was executed in 1945. The buyer's obligation was to pay as much as he could during the first two years, without interest. At the end of two years the unpaid balance was to draw interest at two and a half percent annually, "all timber sold from this land to be paid on the above purchase price." No other terms were stated.

Although the complaint alleges that Mamie Cunningham (Albert's wife) "was a party to the sale and delivery of said land," and that she is estopped from claiming any interest in the property, only Ernest and Albert signed the contract. A preponderance of the abstracted evidence merely shows that in February, 1945, Albert was living in Texas; that he had been gone from the land in question "some time," and had lived a year on an uncle's farm—"He had moved away and had a sale. I moved on the land and he and his wife visited us there a number of times." For 1944 and 1951 and during intervening years appellant paid taxes amounting to $325. In July, 1948, Ernest gave Albert his check for $300. It was indorsed,

''$250 payment on land.'' Testimony was that $50 represented interest. On June 22, 1950, Ernest gave Albert his check for $100. This, he testified, represented interest for two years. Two ponds were completed in such a way as to add materially to the land's value.

This court's current rules were designed with the idea that a litigant would be relieved from abstracting non-essential testimony, and if evidence thought by opposing counsel to be important has been omitted by appellant, the deficiency should be supplied by the appellee. But where, as here, evidence upon which the Chancellor might appropriately have based his order of dismissal has been omitted, and confirmation of this omission is disclosed by reference to the bill of exceptions, it would be presumptuous to assume that the trial court was in error. The reasons compelling this conclusion apply also to the cross-appeal. See Rule 9(d), where the requirement is that the appellant's abstract or abridgment ''should consist of an impartial condensation . . . of matters in the record . . . necessary to an understanding of all questions presented to this court for decision.''

It may be stated, however, that invocation of the Rule does not work a hardship on appellant, inasmuch as the decree would be affirmed on the merits of the controversy and the applicable law.

Affirmed.

Mr. Justice McFADDIN concurs.